UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE OSAGE TRIBE OF INDIANS ) <br> OF OKLAHOMA *v.* ) <br> KEMPTHORNE, *et al.* ) <br> ) <br> ) <br> GILA RIVER INDIAN COMMUNITY *v.* ) <br> KEMPTHORNE, *et al.* ) <br> ) | Civil Action No. 04-0283 (JR) <br><br><br><br><br> Civil Action No. 06-2249 (JR) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION
FOR REMAND AND STAY OF LITIGATION**

Plaintiffs Osage Tribe of Indians of Oklahoma and Gila River Indian Community oppose the United States' Motion for Remand and Stay of Litigation. The Motion invites the Court to take actions that would defy the law of the D.C. Circuit, particularly *Cobell v. Norton*, 240 F.3d 1081 (D.C. Cir. 2001) ("*Cobell VI*"). That is, the Motion asks the Court to delegate to the United States Department of the Interior the power to define for itself the trust duties the plaintiffs seek to enforce. Under *Cobell VI,* such a remand is improper.

The plaintiffs here are trust beneficiaries who have invoked this Court's equitable jurisdiction to remedy breaches of trust spanning many decades. The complaints place before the Court, among other things, the issues of (1) whether the United States has a duty to provide an accounting, (2) whether it has breached that duty, and (3) what remedies are appropriate. No principle of law or equity permits these issues to be "remanded" to the trustee being sued. Only after the Court has ruled on these issues and granted appropriate declaratory and injunctive relief can there be any consideration of a remand, the sole purpose of which would be to permit the

agency to carry out the Court's determinations and instructions. Accordingly, the remand sought here by the United States is both premature and impermissibly broad.

Further, by moving for a remand, the United States explicitly admits that it has not performed *any* accounting for this Court to adjudge, much less an accounting that might even arguably fulfill its duties. Therefore, rather than allow Interior to skip the liability phase of this litigation via a remand, the Court should instead schedule a hearing on summary judgment for declaratory relief. The next logical step in this litigation is not a remand, but a holding from the Court that (1) the United States has a duty to provide the plaintiffs with an accounting of trust assets in accordance with the common law of trusts, and (2) the United States has breached this duty over the entire life of the trusts at issue.

I.   IN AN ACTION TO COMPEL AN AGENCY TRUSTEE TO ACCOUNT FOR AN INDIAN TRUST, THE ONLY PERMISSIBLE "REMAND" IS AN INJUNCTION REQUIRING A COMMON-LAW TRUST ACCOUNTING

By seeking a remand at this stage of the case, before there has been any finding of liability or entry of injunctive relief, the United States is improperly attempting to get a free "do-over" to avoid entry of judgment against it. It seeks a remand only so it can recast the very existence and scope of its trust accounting obligations as some kind of administrative determination. It argues that "[t]he remand process presents a superior alternative [to proceedings in this Court,] as a remand *will permit Interior first to offer an administrative interpretation of its accounting obligations*." U.S. Br. at 34 (emphasis added). That is, the so-called "accounting plan" that the United States proposes to provide is nothing more than an impermissible administrative redefinition of its trust duties: "[I]f the Court grants Interior's remand and litigation stay requests, Interior will prepare and present an accounting plan that *addresses the plaintiffs' requests* for accountings of their trust funds and non-monetary trust assets, *and fully articulates the agency's factual and legal determinations of its various tribal*

*accounting duties under law.*" *Id.* at 16 (emphasis added). Presumably the United States will later argue that the Court must defer to whatever decisions Interior has made about the scope and nature of its duty to account. The law allows no such remand and no such deference.

The court of appeals explained in *Cobell VI* that the basic content of the duty to account is defined by trust law and is not subject to administrative interpretation. That is, it held that the United States owes Indian trust beneficiaries the same duty to account owed by any common-law trustee:

> [A]n obligation [to provide an accounting] inheres in the trust relationship itself. The obligation of a trustee to provide an accounting is a fundamental principle governing the subject of trust administration.
>
> * * * *
>
> It is black-letter trust law that "[a]n accounting necessarily requires a full disclosure and description of each item of property constituting the corpus of the trust at its inception." *Engelsmann v. Holekamp*, 402 S.W.2d 382, 391 (Mo. 1966); *see also Black's Law Dictionary* (7th ed. 1999) (defining accounting as "the report of all items of property, income, and expenses" prepared by the trustee for the beneficiary). Under traditional equitable trust principles, the trustee's report must contain sufficient information for the beneficiary readily to ascertain whether the trust has been faithfully carried out.

240 F.3d at 1103 (some citations and internal quotes omitted). The court noted further that "[t]his position should not come as a surprise to [the United States], as it has been the official position of the federal government. In 1996 . . . the Interior Department's Solicitor issued an opinion that government trustees have an 'affirmative duty . . . to make a full and proper accounting.'" *Id.* at 1104.

In *Cobell VI*, the court of appeals also held that only *after* the court has (1) found that the agency has "acted in an unlawful manner" and (2) defined the trustee's legal duties does the agency then have "discretion to determine in the first instance, how to bring themselves into

compliance . . . . [I]n such cases the proper course is to remand the case for further agency consideration *in harmony with the court's holding*." *Id.* at 1109 (citations omitted) (emphasis added). It held that the district court had followed the proper course of action by first finding a breach of trust, then ordering compliance, and only after that allowing the agency some discretion regarding how to comply with the court's orders.

Thus, as noted in *Cobell VI*, it was only *after* the district court had found breach and had issued injunctive relief that the methods of compliance—*e.g.*, "the choice of how the accounting would be conducted, and whether certain accounting methods, such as statistical sampling or something else, would be appropriate"—were "properly left in the hands of administrative agencies" in the first instance. 264 F.3d at 1104. And even such decisions regarding methods of compliance are subject to the court's review to ensure that they "not merely meet the minimal requirements of administrative law, but . . . also pass scrutiny under the more stringent standards demanded of a fiduciary." *Id.* (quoting *Jicarilla Apache Tribe v. Supron Energy Corp.*, 728 F.2d 1555, 1563 (10th Cir. 1984) (Seymour, J., concurring in part and dissenting in part), *adopted as majority opinion as modified en banc*, 782 F.2d 855 (10th Cir. 1986)). "[T]he Secretary 'cannot escape his role as trustee by donning the mantle of administrator' to claim that courts must defer to his expertise and delegated authority.'" 264 F.3d at 1099 (quoting *Jicarilla*, 728 F.2d at 1567).

Here, the United States seeks the chance for a pre-emptive strike against the Court's equitable authority before the threshold issues of duty and breach have been adjudicated. It has asked for an opportunity to "interpret" its own duties before the Court has a chance to enter judgment against it for its decades of neglect. This course of action would violate the principles in *Cobell VI*.

The United States' citations to cases involving issues of primary jurisdiction and voluntary remand are only fig leaves for its defiance of *Cobell VI* (which it does not so much as cite in its brief).  Judicial abstention under the primary jurisdiction doctrine is appropriate only "in cases where protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." *United States v. Philadelphia Nat'l Bank*, 374 U.S. 321, 353 (1963).  This is not a regulatory proceeding; there is no "regulatory scheme" for Interior to adjudicate.  Rather, substantive trust law is entrusted to this Court.  Likewise, a voluntary remand should be out of the question here; none of the cases cited by the United States provide any support for such a remand to a trustee in a breach of trust case.  And Interior should not be heard to invoke its own continuing failure to comply with congressional mandates as a shield to avoid judicial scrutiny for six more months.  The United States' motion has no legal basis and should be denied.[1]

Finally, even if there were some legal basis for a remand at this stage (which there is not), such a stay would be wasted because Interior has stated that it is unable to comply with its duties. For example, in the Answer filed by the United States in the Osage case, the United States has stated:

- "[T]he term 'accounting' is vague and ambiguous. As a result, Defendants are unable to formulate a response to Plaintiff's allegation that Defendants have never rendered an 'accounting' to the Tribe for its trust monies." Def.'s Answer to Osage Tribe Comp. at ¶ 23.

---

[1] Although the complaints base jurisdiction in part on §§ 702 and 706 of the Administrative Procedure Act, it is not the APA but rather the trust statutes and treaties and the common law of trusts that provide the substantive law governing the claims in the complaints. *See, e.g., Cobell v. Kempthorne*, 455 F.3d 301, 304 (D.C. Cir. 2006) ("*Cobell XVIII*") (reliance on APA for jurisdiction does not transform a trust case into an administrative review proceeding).

- "[T]he terms 'trust responsibilities' and 'accounting' and 'proper accounting' are broad, vague, and ambiguous.  As a result, Defendants are unable to formulate a response to Plaintiff's allegation that Defendants have failed to provide the Osage Tribe with an 'accounting' of its trust assets." *Id.* at ¶ 36.

- "[T]he terms 'trust responsibilities' and 'Tribe's trust assets' are broad, vague, and ambiguous.  As a result, Defendants are unable to formulate a response to Plaintiff's allegation thereto.  Notwithstanding the vagueness and ambiguity of these terms, as to the allegation that the Tribe has been deprived of principal and investment income, Defendants lack information or belief sufficient to allow them to admit or deny such allegations, and thus they deny them on that ground." *Id.* at ¶ 37.

- "[T]he terms 'complete and proper historical accounting' and 'tribal assets' are broad, vague, and ambiguous. As a result, Defendants are unable to formulate a response to Plaintiff's allegation thereto.  Notwithstanding the vagueness and ambiguity of these terms, Defendants lack information or belief sufficient to allow them to admit or deny such allegations, and thus they deny them on that ground." *Id.* at ¶ 37.

There is no sense in remanding to Interior for it to plan a trust accounting when Interior apparently does not even know what an "accounting" is and cannot understand terms such as "trust responsibilities" and "tribal assets."  In sum, the Court should not indulge Interior's unjustified and premature request for a remand before the Court has ruled on the substantive law.

**II.   THE COURT SHOULD NOW ADDRESS THE PLAINTIFFS' REQUESTS FOR DECLARATORY RELIEF FINDING A DUTY TO ACCOUNT AND BREACH OF THAT DUTY**

The complaints in these cases seek declaratory judgments stating that the United States has a duty to provide an accounting of trust assets in accordance with common law and that the United States has breached this duty.  *See* Osage Comp. ¶¶ 28-34; Gila River Comp.¶¶ 24-28.  Now is the time for the Court to address those requests for relief.  Not only is the United States' duty to provide an accounting incontrovertible for the reasons discussed in *Cobell VI* and outlined above, but the United States admits that it has failed to provide any such accounting.

Inherent in the United States' motion for remand is the admission that there is no accounting to present to the Court for any tribe.  In fact, the United States makes this admission explicitly in its brief, stating, for example, that it has yet to take "[t]he first step" toward

--6--

providing the required accountings: "*The first step* in providing a full and complete accounting is the preparation of a historical accounting plan detailing how the accountings should take place. Defendants request a remand so that Interior can provide this Court and plaintiffs with just such a historical tribal accounting plan." U.S. Br. at 22 (emphasis added); *accord id.* at 2 (stating that "Interior has not yet set forth its programmatic historical trust accounting plan to guide all tribal trust accountings"). The United States concludes its brief by stating that Interior has not "completed its final accountings." *Id.* at 36.

Accordingly, the Court should respond to the United States' admission of liability by scheduling a hearing on summary judgment for declaratory relief regarding the trustee's breach of its duty to account. Denying the United States' Motion and adjudicating the issue of declaratory relief will protect the Plaintiffs who have been wronged and allow these cases to move forward in a reasonable and normal fashion.

## CONCLUSION

The Court should deny the United States' Motion for Remand and Stay.

DATED: 1 October 2007

Respectfully submitted,

s/ Deborah Y. Ho
DEBORAH Y. HO (D.C. Bar No. 460130)
Pipestem Law Firm, P.C.
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 419-3526
Fax: (202) 659-4931

James P. Tuite (D.C. Bar No. 360649)
W. Eric Pilsk (D.C. Bar No. 419901)
Merrill C. Godfrey (D.C. Bar No. 464758)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Fax:  (202) 887-4288

*Attorneys for Plaintiff Osage Tribe of Indians of Oklahoma*

s/ James Meggesto

James Meggesto (D.C. Bar No. 459900)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Fax:  (202) 887-4288

*Attorney for Plaintiff Gila River Indian Community*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Norton, *et al.*, | ) ) ) ) | Civil Action No. 02-0035(JR) |
| Standing Rock Sioux Tribe v. Norton, *et al.*, | ) ) ) | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Norton, *et al.*, | ) ) ) ) | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of the Fort Hall Reservation v. Norton, *et al.*, | ) ) ) ) | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, *et al.*, | ) ) ) ) | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Norton, *et al.*, | ) ) | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. United States of America, *et al.*, | ) ) ) ) | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, *et al.*, | ) ) | Civil Action No. 04-1126 (JR) |
| The Confederated Tribes of the Colville Reservation v. Norton, *et al.*, | ) ) ) | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, *et al.*, | ) ) | Civil Action No. 05-2492 (JR) |
| Winnebago Tribe of Nebraska v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2493 (JR) |
| Lower Brule Sioux Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2495 (JR) |

| | | |
|---|---|---|
| Prairie Band of Potawatomi Nation<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 05-2496 (JR) |
| Te-Moak Tribe of Western Shoshone<br>Indians v. Norton, *et al.*, | ) <br>) <br>) | Civil Action No. 05-2500 (JR) |
| Cheyenne River Sioux Tribe<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-1897 (JR) |
| Stillaguamish Tribe of Indians<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-1898 (JR) |
| Iowa Tribe of Kansas and Nebraska<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-1899 (JR) |
| Confederated Tribes of the Goshute<br>Reservation v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-1902 (JR) |
| Muskogee (Creek) Nation of Oklahoma<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-2161 (JR) |
| Eastern Shawnee Tribe of Oklahoma<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-2162 (JR) |
| Northwestern Band of Shoshone<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-2163 (JR) |
| Red Cliff Band of Lake Superior Indians<br>Indians v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-2164 (JR) |
| Pechanga Band of Luiseno Mission Indians<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-2206 (JR) |
| Colorado River Indian Tribes<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-2212 (JR) |
| Tohono O'Odham Nation<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-2236 (JR) |
| Nez Perce Tribe, *et al.*,<br>v. Kempthorne, *et al.*, | ) <br>) <br>) | Civil Action No. 06-2239 (JR) |
| Passamaquoddy Tribe of Maine<br>v. Kempthorne, *et al.*, | ) <br>) | Civil Action No. 06-2240 (JR) |

| | | |
|---|---|---|
| Salt River Pima-Maricopa Indian Community v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2241 (JR) |
| Coeur D'Alene Tribe v. Kempthorne, *et al.*, | ) ) | Civil Action No. 06-2242 (JR) |
| Ak-Chin Indian Community v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2245 (JR) |
| Sokaogon Chippewa Community v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2247 (JR) |
| Gila River Indian Community v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2249 (JR) |
| Northern Cheyenne Tribe of Indians v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2250 (JR) |
| Haudenosaunee: The Onondaga Nation v. Kempthorne, *et al.*, _____ | ) ) ) | Civil Action No. 06-2254 (JR) |

## [PROPOSED] ORDER

This matter is before the Court on Defendants' Motion for a Remand and Stay Of Litigation. Upon consideration of the Motion and for good cause shown, it is hereby ORDERED that Defendants' Motion is DENIED.

Date: _____          _____
                                     HON. JAMES ROBERTSON
                                     United States District Judge

3