# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GILA RIVER INDIAN COMMUNITY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-02249-JR |
| | ) | |
| DIRK KEMPTHORNE, | ) | |
| Secretary of the Interior, <u>et</u> <u>al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PARTIES' JOINT MOTION FOR TEMPORARY STAY
## OF LITIGATION, AND [PROPOSED] ORDER

Plaintiff Gila River Indian Community ("Plaintiff") filed this case seeking declaratory and injunctive relief against Defendants related to the trust accounting and trust management responsibilities allegedly owed by Defendants to Plaintiff. Plaintiff and Defendants (hereinafter "the parties") have conducted, and desire to continue to conduct, settlement discussions that may result in a settlement of Plaintiff's claims at issue in this case, without protracted litigation. The parties believe that such a settlement outcome, if possible, would be in their best interests, as well as the interests of judicial efficiency and economy.

Accordingly, the parties hereby move the Court for an order staying the instant case to and including December 31, 2008. The reasons for granting the motion are set forth below:

1.      On April 16, 2007, Plaintiff and Defendants filed a joint motion for a temporary stay of litigation in order to enable and facilitate settlement discussions, Docket ("Dkt.") 10, which was granted by Minute Order on April 18, 2007.

2.      On August 10, 2007, pursuant to this Court's directive, Defendants moved to

remand this case, as well as the 36 other Tribal trust accounting and trust management cases pending before the Court, to the United States Department of the Interior ("Interior"), so that Interior could address Plaintiff's and the other Tribes' requests for trust accountings.  Dkt. 15. Given Defendants' motion, the Court issued an order further extending the stay of this litigation until after the Court had ruled on the motion.  Dkt. 17.  Plaintiff opposed Defendants' motion. Dkt. 19.  On December 19, 2007, the Court denied the motion to remand and ordered the Plaintiffs in each of the 37 cases to file a status report setting forth proposals for further proceedings and a proposed schedule for such proceedings.  Dkt. 23.

3.        On January 18, 2008, Plaintiff filed a status report informing the Court that the parties have conducted settlement discussions and have explored ways to conduct such negotiations such that all settlement communications, whether written or oral, will be kept confidential and not be released to any other person or entity.  Dkt. 24.  Moreover, Plaintiff reported that the parties expected to file joint stipulations addressing the confidentiality of settlement discussions and of the production of certain documents and data by Defendants to Plaintiff,  by February 18, 2008.  Id.  As projected by Plaintiff, the parties are filing their confidentiality stipulations, along with the associated proposed orders, at the same time as this motion.

4.        As noted above, since this Court's granting of the parties' first motion for temporary stay of litigation, Plaintiff's counsel and Defendants' counsel have been implementing their agreement that the parties: (a) would explore the possibility of resolving Plaintiff's issues and claims through settlement discussions; (b) would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of

the settlement discussions; and (c) would continue to seek temporary stays of litigation, thus deferring Defendants' obligation to file their Answer or otherwise respond to the Complaint in this case.  The parties continue to implement this agreement.

5.      The parties have been and continue to be engaged in meaningful discourse. Among other things, Plaintiff and Defendants have held numerous meetings in Arizona and in the District of Columbia.  At these meetings, the parties have discussed ways for resolving Plaintiff's claims in a cost-effective manner and, at the same time, further bolster the foundation of the trust relationship between Plaintiff and Defendants and advance that relationship.

6.      In conjunction with their settlement discussion process, the parties have established a process for informal document and data production.  Plaintiff has submitted several informal document and data requests to Defendants.  Defendants have been and continue to be providing to Plaintiff copies or images of or access to certain non-privileged public documents and data responsive or relating or potentially relating to Plaintiff's trust accounting and trust mismanagement claims.  Upon the approvals and entries of the document and data, and settlement confidentiality protective orders submitted with this motion, Defendants will be able to produce or provide to Plaintiff copies or images of or access to additional confidential, non-privileged documents and data.

7.      As mentioned above, the parties have made progress to date in their efforts to determine the possibility of resolving Plaintiff's claims without extended litigation.  At the same time, the parties require additional time to continue and complete their settlement and associated or supporting processes.

8.    Accordingly, the parties agree that they should seek a temporary stay of the litigation of this case, while they continue to discuss the formulation and possible execution of an appropriate, mutually satisfactory alternative resolution of Plaintiff's claims.

9.    Based on the foregoing, the parties respectfully request that the Court grant the following relief:

a.     Impose a temporary stay of litigation in this case for ten months, to and including December 31, 2008;

b.    Continue the deferral of, among other things, the obligation for Defendants to file their Answer or otherwise respond to the Complaint until after the termination of the temporary stay;

c.    Order that the parties file a joint status report on or before December 31, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

10.    The granting of this joint motion will serve the public interest by promoting judicial economy and efficiency and conserving the Court's and the parties' limited resources. Further, it will not cause any undue prejudice or harm to the rights and interests of the parties herein.  On the other hand, the denial of the joint motion will unduly interfere with the parties' ability to work with each other and devise an efficient, cost-effective, and resource-conserving method for resolving the claims in this case, without further litigation.

Respectfully submitted on this 19th day of February, 2008,

RONALD J. TENPAS
Assistant Attorney General

*/s/ James T. Meggesto*
*by Mark S. Barron, pursuant to*
*verbal authorization on February 19, 2008*     */s/ Mark S. Barron*
DONALD R. PONGRACE, DC Bar #445944    ANTHONY P. HOANG, FL Bar #798193
JAMES T. MEGGESTO, DC Bar #459900    MAUREEN E. RUDOLPH, SD Bar #3176
1333 New Hampshire Ave. NW    MARK S. BARRON, NM Bar #24045
Washington, D.C.  20036    United States Department of Justice
Tel: (202) 887-4466    Environment & Natural Resources Division
Fax: (202)-955-7666    Natural Resources Section
P.O. Box 663
*Attorneys for Plaintiff*    Washington, D.C.  20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0479
Tel: (202) 305-0490
Fax: (202) 353-2021

*Attorneys for Defendants*

OF COUNSEL:
KEN DALTON
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

GILA RIVER INDIAN COMMUNITY,   )
                                         )

                                       )

        Plaintiff,                 )

                                       )

        v.                        )     No. 1:06-cv-02249-JR

                                       )

DIRK KEMPTHORNE,             )
Secretary of the Interior, <u>et</u> <u>al.</u>,    )

                                       )

        Defendants.          )
_____)

## [PROPOSED] ORDER

      This matter is before the Court on the parties' joint motion for temporary stay of litigation in this case, so that they can continue their informal settlement discussions and document and data productions.  Upon consideration of the joint motion and for good cause shown, it is hereby ORDERED that

      1.      The joint motion should be and hereby is GRANTED.  The litigation of this case shall be stayed to and including December 31, 2008.

      2.      Among other things, Defendants' obligation to file their Answer or otherwise respond to the Complaint shall be deferred until after the termination of the temporary stay.

      3.      The parties shall file a joint status report on or before December 31, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

SO ORDERED.


Date: _____          _____
                                       HON. JAMES ROBERTSON
                                       United States District Judge