IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILA RIVER INDIAN COMMUNITY, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v.      ) <br> ) <br> DIRK KEMPTHORNE, ) <br> Secretary of the Interior, <u>et al.</u>, ) <br> ) <br> Defendants. ) <br> _____) | No. 1:06-cv-02249-JR |

**JOINT MOTION REQUESTING THE COURT ENTER THE PARTIES'
CONFIDENTIALITY STIPULATIONS IN THE FORM OF AN ORDER**

On February 19, 2008, Plaintiff Gila River Indian Community and Defendants filed jointly two stipulations. These stipulations, which are attached hereto as exhibits, relate to the confidentiality of materials that Defendant intends to produce to Plaintiff and to the confidentiality of settlement communications. <u>See</u> Exhibit 1, Parties' Joint Stipulation, [Proposed] Order, and Exhibit 1A Regarding Confidentiality of Certain Documents, Data, and Other Materials to be Provided by Defendants to Plaintiff; Exhibit 2, Parties' Joint Stipulation Regarding Confidentiality of Settlement Discussions, and [Proposed] Order. Each of the stipulations the parties filed contained a Proposed Order whereby the parties requested the Court enter the stipulation as an order of the Court.

On behalf of both parties, Defendants' counsel filed the two stipulations through the Court's electronic case filing system. On February 21, 2008, a representative from the Clerk of the Court contacted Defendants' counsel to inform the parties that, because the parties wished the Court to approve their stipulations in the form of an order, the stipulations should be re-filed in the form of a motion. Accordingly, for the reasons stated in the stipulations attached hereto,

the parties submit this motion jointly, and respectfully request the Court enter the stipulations as orders of the Court.

    Respectfully submitted this 25th day of February, 2008,

                              RONALD J. TENPAS
                              Assistant Attorney General

*/s/ James T. Meggesto*
*by Mark S. Barron, pursuant to*
*written authorization on February 25, 2008*    /s/ Mark S. Barron_____
DONALD R. PONGRACE, DC Bar #445944    ANTHONY P. HOANG, FL Bar #798193
JAMES T. MEGGESTO, DC Bar #459900    MAUREEN E. RUDOLPH, SD Bar #3176
1333 New Hampshire Avenue NW    MARK S. BARRON, NM Bar #24045
Washington, D.C. 20036    United States Department of Justice
Tel: (202) 887-4466    Environment & Natural Resources Division
Fax: (202) 955-7666    Natural Resources Section
    Post Office Box 663
*Attorneys for Plaintiff*    Washington, D.C. 20044-0663
    Tel: (202) 305-0241
    Tel: (202) 305-0479
    Tel: (202) 305-0490
    Fax: (202) 353-2021

    Attorneys for Defendants

    OF COUNSEL:
    KEN DALTON
    Office of the Solicitor
    United States Department of the Interior
    Washington, D.C.

    TERESA E. DAWSON
    Office of the Chief Counsel
    Financial Management Service
    United States Department of the Treasury
    Washington, D.C.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GILA RIVER INDIAN COMMUNITY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-02249-JR |
| | ) | |
| DIRK KEMPTHORNE, | ) | |
| Secretary of the Interior, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

**PARTIES' JOINT STIPULATION, [PROPOSED] ORDER, AND EXHIBIT 1A
REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS, DATA,
AND OTHER MATERIALS TO BE PROVIDED BY DEFENDANTS TO PLAINTIFF**

WHEREAS Plaintiff Gila River Indian Community ("Plaintiff") has filed this case seeking declaratory and injunctive relief against Defendants related to the trust accounting and trust management responsibilities allegedly owed by Defendants to Plaintiff;

WHEREAS Defendants may provide Plaintiff's attorney(s) of record, as well as Plaintiff's officers, employees, representatives, and designated consultants or experts ("Plaintiff's Designees"), with access to certain documents, data, and other materials within the possession, custody, or control of Defendants, principally the United States Department of the Interior ("Interior") and the United States Department of the Treasury ("Treasury"), and of the United States Department of Justice ("DOJ");

WHEREAS such documents, data, and other materials may contain information regarding Plaintiff or the funds, lands, or resources which were managed or might have been managed by Defendants for or on behalf of Plaintiff;

WHEREAS such documents, data or other materials may contain information relating to tribes and/or individuals not parties to this litigation;

WHEREAS such documents, data, and other materials in the possession, custody, or control of Defendants—principally Interior and Treasury—and of DOJ may contain information that Defendants assert and designate as being subject to protection from disclosure: (1) pursuant, but not limited to, the Privacy Act, 5 U.S.C. § 552a, including information related to Individual Indian Money (IIM) accounts; Indian Minerals Development Act (IMDA), 25 U.S.C. § 2103(c); Trade Secrets Act, 18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; and the Mineral Leasing Act, 30 U.S.C. § 181 *et seq.*; (2) as confidential business information; or (3) because it relates to Indian Tribes and/or Indian individuals not parties to this litigation; and

WHEREAS such documents, data, and other materials will hereinafter be termed "Confidential Materials" for purposes of this Joint Stipulation and Order.

THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

1.     This Joint Stipulation and Order govern the provision of Confidential Materials by Defendants to Plaintiff, regardless of the context (i.e., in litigation, ADR, or informal settlement discussions) in which the provision occurs.

2.     Plaintiff shall not use the Confidential Materials, or their contents, for any purpose, other than this litigation. Any information designated as Confidential Materials shall be kept strictly confidential by Plaintiff's attorney(s) and Plaintiff's designee(s), and such information shall not be disclosed, made public, or made available to anyone, except as

specifically provided in this Joint Stipulation and Order or in any further Order that this Court may enter.

       3.    Any documents, data, or other materials made available by Defendants to Plaintiff's attorney(s) or Plaintiff's designee(s) for inspection in this case shall be deemed Confidential for purposes of the inspection.  Any images or copies of Confidential Materials that are provided to Plaintiff shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE."  Plaintiff and Defendants may agree to forego Defendants' review to determine the confidentiality of certain documents, data, and other materials to be provided to Plaintiff, in which case Defendants shall include on those documents, data, and other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, and other materials to Plaintiff.  All documents, data, and other materials so endorsed shall be deemed Confidential Materials and protected as such under this Joint Stipulation and Order.  If Plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, it shall follow the procedures set forth in this Joint Stipulation and Order.  Alternatively, Plaintiff may request that Defendants review certain endorsed documents, data, or other materials to determine if they contain confidential information; redact any confidential information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the Court without the Confidential Materials endorsement.  After the documents, data, or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, or other materials shall no longer be considered confidential and subject to this Joint Stipulation and Order.

4.      Documents, data, or other materials relating exclusively to individuals, other Tribes, or entities, or to funds, lands, and resources to which Plaintiff does not claim a legal interest shall not be produced to Plaintiff, unless Plaintiff and Defendants agree that such production would be appropriate and necessary for the purposes of this case.  In the event that the parties agree that such documents, data, or other materials should be produced to Plaintiff, Defendants shall include on the documents, data, or other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, or other materials to Plaintiff.

5.      Plaintiff and Defendants shall share equally the costs of copying or imaging the documents, data, and other materials to be produced to Plaintiff.  Copying or imaging charges shall be billed at reasonable rates calculated to cover only the actual costs of copying or imaging, commensurate with the size and difficulty of the requested documents.

6.      Any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information regarding the Confidential Materials shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" and shall be subject to the same provisions as copies or images of the Confidential Materials.

7.      Confidential Materials may be disclosed without further Court approval only to the following: (1) the Court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (2) the attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are involved or may be necessary in the ordinary course to representing Plaintiff herein; and (3) Plaintiff's designees

in this case. The attorney(s) of record in this case; the attorney(s), paralegal(s), and support staff in the office(s) of the attorney(s) of record; and Plaintiff's designees may have access to the Confidential Materials, provided, however, that, before receiving access to the Confidential Materials, each person receiving such access shall execute an "Affidavit of Confidentiality," in the form attached hereto as Exhibit 1, and provide the Affidavit to Plaintiff's attorney(s) of record. (No Affidavit of Confidentiality needs to be executed by support staffers who simply handle or file the Confidential Materials but do not review their contents.) The executed Affidavits of Confidentiality shall be maintained by Plaintiff's attorney(s) of record.

8.   Confidential Materials shall be filed under seal by the Clerk of Court in the event that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Materials or containing information obtained from Confidential Materials, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in accordance with Local Civil Court Rule ("LCvR") 5.1(j) of the United States District Court for the District of Columbia and other applicable court rules, policies, and Orders.

9.   It shall be the responsibility of Plaintiff's attorney(s) of record herein, as well as the attorney(s) working with Plaintiff's attorney(s) of record on this case, and of any other person possessing Confidential Materials, to employ reasonable measures, consistent with this Joint Stipulation and Order, to control duplication of, access to, and distribution of the Confidential Materials.

10. All Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials under this Joint Stipulation and Order shall be returned to counsel for Defendants or be destroyed, immediately upon the termination of this litigation (including the resolution of any applicable appeals) or the termination of any related administrative proceedings, if any, before the Interior Department, whichever occurs later. At that time, all individuals who have executed an Affidavit of Confidentiality pursuant to Paragraph 7 of this Joint Stipulation and Order who still have access to such Confidential Materials shall certify in writing that all such Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials have been returned or destroyed. Plaintiff's attorney(s) of record shall maintain these certifications and shall provide a copy thereof to Defendants' counsel upon request.

11. If Plaintiff disputes Defendants' assertion and designation that a document, data, or information is/are subject to confidentiality protection under federal law or regulations, Plaintiff shall notify Defendants in writing and state therein the grounds for disputing Defendants' assertion and designation of confidentiality. Within 30 days of Defendants' receipt of such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and attempt to resolve the dispute. If the parties do not resolve the dispute within 30 days or an extension thereof, Plaintiff may file a motion to seek a ruling from the Court regarding Defendants' assertion and designation regarding confidentiality.

12. Until further order of this Court, this Joint Stipulation and Order shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

    Respectfully submitted this 19th day of February, 2008,

                                                     RONALD J. TENPAS
                                                     Assistant Attorney General

| | |
|---|---|
| */s/ James T. Meggesto*<br>*by Mark S. Barron, pursuant to*<br>*written authorization on February 13, 2008*<br>DONALD R. PONGRACE, DC Bar #445944<br>JAMES T. MEGGESTO, DC Bar #459900<br>1333 New Hampshire Ave. NW<br>Washington, D.C. 20036<br>Tel: (202) 887-4466<br>Fax: (202)-955-7666<br><br>*Attorneys for Plaintiff* | */s/ Mark S. Barron*<br>ANTHONY P. HOANG, FL Bar #798193<br>MAUREEN E. RUDOLPH, SD Bar #3176<br>MARK S. BARRON, NM Bar #24045<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>P.O. Box 663<br>Washington, D.C. 20044-0663<br>Tel: (202) 305-0241<br>Tel: (202) 305-0479<br>Tel: (202) 305-0490<br>Fax: (202) 353-2021<br><br>*Attorneys for Defendants*<br><br>OF COUNSEL:<br>KEN DALTON<br>Office of the Solicitor<br>United States Department of the Interior<br>Washington, D.C. 20240<br><br>TERESA E. DAWSON<br>Office of the Chief Counsel<br>Financial Management Service<br>United States Department of the Treasury<br>Washington, D.C. 20227 |

## **[PROPOSED] ORDER**

SO ORDERED.


Date: _____                    _____
                                       HON. JAMES ROBERTSON
                                       United States District Judge

# EXHIBIT 1A TO
# PARTIES' JOINT STIPULATION REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS, DATA, AND OTHER MATERIALS TO BE PROVIDED BY DEFENDANTS TO PLAINTIFF, AND [PROPOSED] ORDER

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GILA RIVER INDIAN COMMUNITY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, )<br>Secretary of the Interior, <u>et al.</u>, )<br>)<br>    Defendants. )<br>_____) | No. 06-cv-02249-JR |

**<u>AFFIDAVIT OF CONFIDENTIALITY</u>**

STATE OF _____,

    1.    My name is _____. I live at _____. I am serving as (counsel) (an expert) (a paralegal or legal assistant) on behalf of _____ in the above-captioned case.

    2.    I certify that I have read and understood the entire Joint Stipulation of Confidentiality and Order, both of which are attached hereto and incorporated herewith as Exhibit A. I agree to undertake and abide fully and completely by the terms of the Joint Stipulation of Confidentiality and Order.

    3.    In particular, and without limitation of the foregoing, I recognize that the Confidential Materials to which I have access as part of my work on this case may contain privileged proprietary information; I agree to keep confidential the information contained in the Confidential Materials; I shall not disclose to, reveal to, or discuss with any person, in any way, any Confidential Materials, or the facts and information contained therein, other than as

authorized by the attached Joint Stipulation of Confidentiality and Order; and I shall not use the Confidential Materials, or the facts and information contained therein, for any purpose, except as authorized by the Joint Stipulation of Confidentiality and Order.

4.  I agree that, upon (a) the termination of the above-captioned case, or (b) the conclusion of my involvement with the above-captioned case, whichever occurs first, I shall execute an affidavit certifying that I have returned or destroyed all such Confidential Materials, as set forth in the attached Joint Stipulation of Confidentiality and Order.

5.  I understand that, if I disclose or reveal any Confidential Materials, or the facts and information contained therein, in violation of the attached Joint Stipulation of Confidentiality and Order, I may be subject to all applicable sanctions, including the penalties imposed by the Court for contempt.

_____
(NAME OF AFFIANT)


SWORN TO AND SUBSCRIBED BEFORE ME,

THIS _____ DAY OF _____ 2008.


_____
NOTARY PUBLIC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GILA RIVER INDIAN COMMUNITY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, )<br>Secretary of the Interior, <u>et al.</u>, )<br>)<br>Defendants. )<br>_____) | No. 1:06-cv-02249-JR |

**PARTIES' JOINT STIPULATION REGARDING CONFIDENTIALITY OF
SETTLEMENT DISCUSSIONS, AND [PROPOSED] ORDER**

WHEREAS Plaintiff Gila River Indian Community ("Plaintiff") has filed this case seeking declaratory and injunctive relief against Defendants related to the trust accounting and trust management responsibilities allegedly owed by Defendants to Plaintiff;

WHEREAS Plaintiff and Defendants (hereinafter "the parties") desire to enter into discussions that may result in a settlement of Plaintiff's claims at issue in this case, without the need for protracted litigation;

WHEREAS the parties agree that they will conduct settlement discussions with the clear, explicit, and mutual understanding that all of their settlement communications, whether written or oral, will be kept confidential and not be released to any other person or entity;

WHEREAS the parties agree that they will mark clearly the written communications relating to their settlement discussions with the label or endorsement "Confidential Settlement Discussions—Do Not Disclose"; and

WHEREAS the parties agree that their ability to resolve or advance the resolution of

Plaintiff's claims at issue in this case, in an efficient and resource-conserving manner and without the need for protracted litigation, will be significantly diminished if the parties cannot rely on the expectation that the settlement discussions will be kept confidential,

THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

1. For the purposes of this Joint Stipulation and Order, the term "settlement communications" means any communications made, exchanged, or provided by Plaintiff; Plaintiff's attorneys, representatives, employees, agents, or consultants; Defendants; or Defendants' attorneys, representatives, employees, agents, or consultants, in, or for purposes of, settling this case, regardless whether the communications are oral, written, electronic, telephonic, or otherwise. "Settlement communications" include but are not limited to those provided in or through meetings, telephone calls, correspondence, briefs, or memoranda not filed with the Court, reports, appraisals, or any other documents, and any part thereof.

2. All settlement communications in this case, whether written or oral, shall be kept confidential, and they shall not be disclosed to any person or entity seeking their disclosure by any means, including but not limited to requests submitted to the United States Department of the Interior, the United States Department of the Treasury, and the United States Department of Justice, under the Freedom of Information Act, 5 U.S.C. § 552.

3. Until further order of this Court, this Joint Stipulation and Order shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

Respectfully submitted on this 19th day of February, 2008,

                                                   RONALD J. TENPAS
                                                   Assistant Attorney General

*/s/ James T. Meggesto*
*by Mark S. Barron, pursuant to*
*written authorization on February 13, 2008*    */s/ Mark S. Barron*
DONALD R. PONGRACE, DC Bar #445944    ANTHONY P. HOANG, FL Bar #798193
JAMES T. MEGGESTO, DC Bar #459900     MAUREEN E. RUDOLPH, SD Bar #3176
1333 New Hampshire Ave. NW                MARK S. BARRON, NM Bar #24045
Washington, D.C. 20036                         United States Department of Justice
Tel: (202) 887-4466                               Environment & Natural Resources Division
Fax: (202)-955-7666                              Natural Resources Section
                                               P.O. Box 663
*Attorneys for Plaintiff*                           Washington, D.C. 20044-0663
                                               Tel: (202) 305-0241
                                               Tel: (202) 305-0479
                                               Tel: (202) 305-0490
                                               Fax: (202) 353-2021

                                               *Attorneys for Defendants*

                                               OF COUNSEL:
                                               KEN DALTON
                                               Office of the Solicitor
                                               United States Department of the Interior
                                               Washington, D.C. 20240

                                               TERESA E. DAWSON
                                               Office of the Chief Counsel
                                               Financial Management Service
                                               United States Department of the Treasury
                                               Washington, D.C. 20227

**[PROPOSED] ORDER**

SO ORDERED.

Date: _____    _____
                                    HON. JAMES ROBERTSON
                                    United States District Judge